UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SAMSON GUZMAN,<br><br>Plaintiff,<br><br>v.<br><br>R. VALDEZ, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00621-HBK<br><br><u>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL</u><br><br>(Doc. No. 6) |

Pending before the court is plaintiff's motion for leave to appoint counsel filed May 6, 2021. (Doc. No. 6). Plaintiff, who is a prisoner, initiated this action by filing a *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983 (Doc. No. 1) and is proceeding on his First Amended Complaint filed April 26, 2021 (Doc. No. 5). The court granted plaintiff's motion for leave to proceed *in forma pauperis* due to his indigency. (Doc. No. 4). The court has not yet completed a screening of plaintiff's complaint. *See* 28 U.S.C. § 1915A. Plaintiff identifies the following reasons supports his motion for appointment of counsel: (1) he is unable to locate or afford counsel, (2) his imprisoned status hinders his ability to prosecute his "somewhat complex" case and an attorney will help with conflicting testimony; and, (3) he will temporarily lose access to legal materials while being transferred to a new prison facility. (Doc. No. 6 pp. 1-2).

1

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Although plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face. Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). The retaliation claims plaintiff alleges are not "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). While the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but

rather exceptionalness. *Howard*, 2010 WL 1641087, at *2. Finally, if plaintiff's temporary loss of legal materials while being transferred to a new prison inhibits his ability to meet a court ordered deadline, he is welcome to move at that juncture for an extension of time.

As noted, plaintiff's complaint has yet to be screened and the court thus cannot assess whether plaintiff will succeed on the merits. There is therefore no basis for the court taking the extraordinary step of appointing counsel. Should this case progress and plaintiff's situation change such that he can demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 6) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: May 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE