UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SAMSON GUZMAN,<br><br>Plaintiff,<br><br>v.<br><br>R. VALDEZ, M. JIMENEZ, V. CUEVAS, and SCOTT FRAUENHEIM,<br><br>Defendants. | Case No. 1:21-cv-00621-HBK (PC)<br><br>ORDER TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No. 17)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's Third Amended Complaint. (Doc. No. 17, "TAC"). For the reasons set forth below, the undersigned recommends the district court dismiss the TAC because it fails to state any cognizable federal claim and any further amendments would be futile.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how

to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Prior to the Court screening his Complaint, Plaintiff filed a First Amended Complaint. (Doc. No. 5, "FAC"). On August 2, 2023, the undersigned screened Plaintiff's FAC and found that it failed to state any cognizable constitutional claim. (*See* Doc. No. 10). The Court advised Plaintiff of the pleading deficiencies and applicable law and afforded Plaintiff the opportunity to file a second amended complaint. (*Id*.). Plaintiff timely filed a Second Amended Complaint. (Doc. No. 11) ("SAC"). On January 19, 2024, the undersigned screened Plaintiff's SAC and found it failed to state any cognizable constitutional claim. (Doc. No. 12). After being granted two extensions of time, Plaintiff filed the instant Third Amended Complaint. (Doc. No. 17, "TAC").

The events in the TAC took place at Pleasant Valley State Prison ("PVSP"). (*See generally id*.). The TAC identifies the following CDCR staff as Defendants: (1) ISU Officer R. Valdez; (2) ISU Sergeant M. Jimenez; (3) Acting Lieutenant V. Cuevas; (4) Scott Frauenheim, retired Warden,[2] (5) Librarian Samantha Kutney; and (6) Librarian Bertha Lopez. (*Id*. at 2-3). Plaintiff sues all Defendants in their individual capacities. The TAC alleges claims under the First, Eighth, and Fourteenth Amendments. (*See id*. at 3-4). The following facts are presumed to be true at this stage of the screening process.

On April 22, 2020, Plaintiff filed an inmate grievance challenging his eligibility for a Security Threat Group ("STG") Validation Termination Review after being denied a requested

---

[2] Although named in the caption, Warden Frauenheim is not listed under the names of Defendants Section III of the complaint form.

3

1  review.  (*Id*. at 3).  The grievance was granted.  (*Id*.).  On July 13, 2020, prior to Plaintiff's STG
2  Termination Review hearing, Defendants Valdez and Jimenez searched Plaintiff's cell.  (*Id*.).
3  Plaintiff's "cell was tossed up and a copy of an Angel & Butterfly was confiscated."  (*Id*.).

4  On July 20, 2020, Plaintiff filed an inmate grievance "based on the arbitrary nature of the
5  [July 13, 2020] cell search."  (*Id*.).  Three days later, on July 23, 2020, Plaintiff was issued an
6  RVR for STG behavior by Defendants Valdez and Jimenez.  (*Id*.).  Based on "[t]he suspicious
7  timing" of the RVR, Plaintiff asserts a First Amendment retaliation claim against Defendants
8  Valdez and Jimenez.  (*Id*. at 3-4).

9  The TAC also asserts a Fourteenth Amendment due process claim because Plaintiff
10 received an RVR for STG behavior based on "a newly certified STG symbol that was never
11 posted on the facility in violation of the U.S. Constitution Amendment XIV."  (*Id*. at 4).
12 Specifically, Plaintiff complains that the law library was closed during COVID, and the "newly
13 certified symbol of a butterfly" was never disseminated to the general population by librarians S.
14 Kutney and Lopez.

15 As relief, Plaintiff seeks nominal, punitive, and compensatory damages, as well as "relief
16 from the RVR guilty finding" including expungement of the charge.  (*Id*. at 5).

17                              **APPLICABLE LAW AND ANALYSIS**

18   **A.  First Amendment Retaliation**

19 It is clear prisoners have First Amendment rights to file a grievance or civil rights
20 complaint against correctional officials.  *Brodheim v. Cry*, 584 F. 3d 1262, 1269 (9th Cir. 2009).
21 To state a claim for First Amendment retaliation, a plaintiff must allege five elements: (1) he
22 engaged in protected activity; (2) the state actor took an adverse action against the plaintiff; (3) a
23 causal connection between the adverse action and the protected conduct; (4) the defendant's
24 actions would chill or silence a person of ordinary fitness from protected activities; and (5) the
25 retaliatory action did not advance a legitimate correctional goal.  *Chavez v. Robinson*, 12 F.4th
26 978, 1001 (9th Cir. 2021) (quoting *Rhodes*, 408 F.3d at 567–68).  A retaliatory motive may be
27 shown by the timing of the allegedly retaliatory act or other circumstantial evidence, as well as
28 direct evidence.  *Bruce v. Ylst,* 351 F.3d 1283, 1288–89 (9th Cir. 2003); *McCollum v. Ca. Dep't*

*of Corr. And Rehab*., 647 F.3d 870, 882 (9th Cir. 2011).  Mere speculation that a defendant acted out of retaliation is not sufficient.  *Wood v. Yordy,* 753 F.3d 899, 905 (9th Cir. 2014) (citing cases).

Here, Plaintiff asserts that three days after he filed a grievance based on the search of his cell during which the butterfly drawing was located, the same officers who conducted the search filed a Rule Violation Report against him for STG behavior.  (Doc. No. 17 at 3).  Plaintiff contends the timing was "suspicious."  (*Id*.).  The RVR was also issued 10 days after the officers found the evidence of alleged STG behavior.  It is not obvious to the Court whether a gap of 10 days between discovering evidence of an RVR and the filing of a RVR is significant to suggest that it was only filed in response to Plaintiff's grievance.  Alternatively, the Court could reasonably infer that the July 23, 2020 RVR was simply issued in response to the discovery of the STG-related imagery on July 13, 2020, making the timing not suspicious at all.  For reasons discussed below, the Court need not resolve this question.

Even assuming the Court were to infer a causal connection between the July 23, 2020 RVR and Plaintiff's filing of a grievance on July 20, 2020, Plaintiff has failed to satisfy the fifth element of a retaliation claim.  The alleged retaliatory action—issuance of an RVR for STG behavior—advanced the legitimate correctional goal of discouraging STG behavior and ensuring compliance with prison regulations.  Thus, even if Defendants Valdez and Jimenez were acting in part in response to Plaintiff's filing of a grievance, their actions were not improper as they advanced a legitimate correctional goal.  Accordingly, the TAC fails to state a First Amendment retaliation claim.[3]

**B. Fourteenth Amendment Due Process**

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  *Bd. of Regents v. Roth*, 408

---

[3] Under Claim 1, the TAC also lists "U.S. Constitution Amendment VIII (Cruel & Unusual Actions)" as a legal basis for the claim but does not assert any facts plausibly supporting such a cause of action in the body of the claim and appears focused entirely on the alleged retaliation.

U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (*citing Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id*. These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id*. (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Prisoners bear the burden to demonstrate that they did not receive due process during their disciplinary hearing. *See Parnell v. Martinez*, 821 Fed. Appx. 866, 866-867 (9th Cir. 2020).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

As an initial matter, Plaintiff fails to set forth facts sufficient to demonstrate that the

deprivations he suffered because of his disciplinary conviction imposed the type of "atypical and significant hardships" that under *Sandin* entitled him to *Wolff*'s procedural safeguards. The TAC is silent as to what punishment Plaintiff received because of the RVR guilty finding[4], thus he fails to show that he was entitled to the due process protections of *Wolff*. Notably, Plaintiff's FAC alleged that the guilty finding resulted in him being denied termination of his STG status at his August 20, 2020 STG hearing, and that "[t]his will reflect very negatively upon the [Board of Parole Hearings and] it will prolong my life sentence [and] hurt [] my programming opportunities." (See Doc. No. 5 at 5).[5]

It is well settled that prisoners have no constitutional right to a particular classification status, even if the classification status results in a loss of privileges. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (expressly rejecting claim that prisoner classification and rehabilitative programs invoked due process protections); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (agreeing inmate had no constitutional right to a particular classification status and further finding no independent right under state law). An inmate can state a claim based on his classification if the classification was done for unconstitutional reasons, e.g., done in retaliation for exercising his First Amendment rights, or done for religious, political, or racial discriminatory reasons. This is because decisions regarding an inmate's classification level or where to house inmates are at the core of prison administrators' expertise. *McKune v. Lile*, 536 U.S. 24, 39 2002) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *see also Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).

Moreover, a vague and speculative contention that Plaintiff will face greater difficulty obtaining parole is insufficient to trigger the due process protections of *Wolff*.[6] *See Ramirez*, 334

---

[4] Because Plaintiff does not allege the RVR guilty finding affected the length of his sentence, the Court does not find that his claim seeking reversal of the RVR is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (holding that a suit challenging a prison disciplinary conviction on due process grounds was barred by *Heck* because the RVR punishment included revocation of good time credits affecting plaintiff's sentence).

[5] Although these facts concerning Plaintiff's STG Termination hearing are not alleged within his TAC, the Court liberally construes Plaintiff's pleadings and garners relevant facts from his previous filing. *See Yong Lor v. Asuncion*, 2018 WL 6177228, at *1 (C.D. Cal. Aug. 21, 2018).

[6] According to Plaintiff's prior pleadings, he is serving a life sentence with the possibility of parole. (*See* Doc. No. 5 at 5).

F.3d at 861; *Sandin*, 515 U.S. at 487 (finding no due process protections triggered where plaintiff failed to show disciplinary conviction "will inevitably affect the duration of his sentence") (emphasis added); *see also Bennett v. Curry*, 386 F. App'x 645, 646 (9th Cir. 2010) (dismissing due process claim where plaintiff found "unsuitable for parole for several independently adequate reasons and not only because of the disciplinary record he seeks to challenge. Because his disciplinary record did not 'alter the balance' in his parole suitability determination, its effect if any on the duration of his sentence 'is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.'") *citing Sandin*, 515 U.S. at 487. While Plaintiff's guilty finding for "STG behavior" may affect his future suitability for parole, there are no facts to indicate it "will inevitably affect the duration of his sentence" and thus Plaintiff has not established a liberty interest triggering the due process protections of *Wolff*. Thus, because the undersigned finds the TAC fails to articulate a liberty interest that implicates the due process clause, the TAC fails to state a viable Fourteenth Amendment claim.

Even if the RVR for STG behavior triggered Plaintiff's due process rights, the TAC fails to allege that prison staff violated any recognized right. Unlike criminal prosecutions, prison disciplinary proceedings do not entitle an accused to "the full panoply of rights due a defendant" in a criminal proceeding. *Wolff v. McDonnell*, 418 U.S. at 556. The minimum procedural requirements of prison disciplinary proceedings include: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff*, 418 U.S. at 563–71. The TAC does not allege that Plaintiff lacked notice of the charges against him or any of the other minimum procedural protections provided by *Wolff*. Rather, Plaintiff complains that officials did not adequately disseminate an April 13, 2020 memorandum deeming a butterfly a certified STG symbol to the prison population. (Doc. No. 17 at 4). However, the TAC does not cite any

1   authority indicating that failure to do so was a violation of Plaintiff's constitutional rights, nor is
2   the Court aware of any authority that mandates that prisoners must be notified of new regulations
3   or prison guidelines in a specified manner that would give rise to a federal constitutional
4   violation. Indeed, federal courts have rejected similar due process claims predicated upon prison
5   officials' failure to post prison rules and regulations. *See Lucas v. Collins*, No. 2:17-CV-04146,
6   2018 WL 6333702, at *4 (S.D.W. Va. Aug. 30, 2018), *report and recommendation adopted*, No.
7   2:17-CV-04146, 2018 WL 4940904 (S.D.W. Va. Oct. 12, 2018) (finding no liberty interest
8   triggered by prison officials' failure to post prison rules and regulations informing inmates how to
9   be IRPP[7] compliant); *Hall v. Zickefoose*, 448 F. App'x 184, 186 (3d Cir. 2011) (finding no due
10  process right violation from BOP's failure to provide notice that punishment for charged conduct
11  due to cell phone being deemed hazardous tool under regulation).
12      Because federal due process did not require that Plaintiff be notified of new prison
13  regulations before he could be charged with violating them, he fails to allege a constitutional
14  claim based on officials' alleged failure to disseminate the April 13, 2020 memorandum deeming
15  the butterfly a STG symbol.

**CONCLUSION AND RECOMMENDATION**

17      Based on the above, the undersigned finds Plaintiff's TAC fails to state any cognizable
18  claim. The TAC suffers from many of the same pleading deficiencies that the undersigned
19  identified and explained to Plaintiff in screening his first and second amended complaints.
20  Despite being provided with guidance and the appropriate legal standards, Plaintiff was unable to
21  cure the deficiencies identified above. A plaintiff's repeated failure to cure a complaint's
22  deficiencies constitutes "a strong indication that the [plaintiff has] no additional facts to
23  plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation and
24  internal quotation marks omitted). Thus, the undersigned recommends that the district court
25  dismiss the TAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir.
26  2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992)) (noting discretion to deny
27
28  [7] IRPP stands for "Individual Reentry Program Plan."

leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

ACCORDINGLY, it is **ORDERED**:

The Clerk of Court randomly assign this case to a district judge for consideration of these Findings and Recommendation.

It is further **RECOMMENDED**:

The Third Amended Complaint (Doc. No. 17) be dismissed under § 1915A for failure to state a claim and this case be dismissed.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    June 3, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE