UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SAMSON GUZMAN,, <br><br> Plaintiff, <br><br> v. <br><br> R. VALDEZ, M. JIMENEZ, V. CUEVAS, SAMANTHA KUTNEY and BERTHA LOPEZ, <br><br> Defendants. | Case No. 1:21-cv-00621-KES-HBK (PC) <br><br> FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S DUE PROCESS CLAIM <br><br> (Doc. No. 21) <br><br> ORDER DIRECTING CLERK TO CORRECT CAPTION <br><br> FOURTEEN-DAY DEADLINE |

Plaintiff Samuel Samson Guzman is a state prisoner proceeding pro se and *in forma pauperis* on his Third Amended Complaint ("TAC") filed pursuant to 42 U.S.C. § 1983. (Doc. No. 17). On September 22, 2025 the district judge adopted in part and declined in part the Findings and Recommendations issued by the undersigned. (Doc. No. 21). In its June 3, 2024 Findings and Recommendations, the undersigned had found that the TAC failed to state a cognizable claim under the First, Eighth, or Fourteenth Amendments and recommended that Plaintiff's TAC be dismissed without further leave to amend. (Doc. No. 19). The district judge adopted the F&R as to Plaintiff's Eighth Amendment claim only, finding Plaintiff had sufficiently plead a retaliation claim under the First Amendment against defendants R. Valdez and M. Jimenez, as well as a due process claim under the Fourteenth Amendment. (Doc. No. 21). The district court then referred this case back to the undersigned for further findings regarding the

extent to which plaintiff has plead his due process claim as to each defendant.  (*Id.* at 8, ¶ 4).

For the reasons set forth below, the undersigned finds the TAC alleges a due process claim against only defendant Cuevas and recommends the district court dismiss Plaintiff's TAC and his due process claim against defendants Kutney and Lopez.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, inter alia, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . .." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

The undersigned limits the facts alleged in the TAC to those that are relevant for purposes of determining Plaintiff's due process claim against each named defendant. The TAC identifies the following CDCR staff as Defendants: (1) ISU Officer R. Valdez; (2) ISU Sergeant M. Jimenez; (3) Acting Lieutenant V. Cuevas; (4) Librarian Samantha Kutney; and (5) Librarian Bertha Lopez. (Doc. No. at 2-3).[1] Plaintiff sues all Defendants in their individual capacities. (Doc. 20 at 3-4). The following facts are presumed to be true at this stage of the screening process.

In his first claim, Plaintiff alleged First Amendment retaliation claim and Eight Amendment cruel and unusual punishment claim against defendants Valdez and Jimenez. In

---

[1] Scott Frauenheim, retired Warden is named on the docket as a defendant but is not named in the body of the TAC.

3

support, the TAC alleged that on April 22, 2020, Plaintiff filed an inmate grievance challenging his eligibility for a Security Threat Group ("STG") Validation Termination Review after being denied a requested review. (*Id*. at 3). The grievance was granted. (*Id.*). On July 13, 2020, prior to Plaintiff's STG Termination Review hearing, Defendants Valdez and Jimenez searched Plaintiff's cell. (*Id.*). Plaintiff's "cell was tossed up and a copy of an Angel & Butterfly was confiscated." (*Id.*). On July 20, 2020, Plaintiff filed an inmate grievance "based on the arbitrary nature of the [July 13, 2020] cell search." (*Id.*). Three days later, on July 23, 2020, Plaintiff was issued an RVR for STG behavior by Defendants Valdez and Jimenez. (*Id.*). Based on "[t]he suspicious timing" of the RVR, the district court concluded that Plaintiff had asserted a First Amendment retaliation claim against Defendants Valdez and Jimenez but found no Eighth Amendment claim. (Doc. No. 21 at 3-4).

Plaintiff's second claim in his TAC asserted a Fourteenth Amendment due process claim at page 4 of the TAC. Briefly, Plaintiff states he received an RVR for STG behavior based on "a newly certified STG symbol that was never posted on the facility in violation of the U.S. Constitution Amendment XIV." (*Id.* at 4). Specifically, Plaintiff complains that the law library was closed during COVID, and the "newly certified symbol of a butterfly" was never disseminated to the general population by librarians S. Kutney and Lopez. Despite him not having knowledge of its prohibited status, Defendant Cuevas found him guilty of the RVR at his hearing. (*Id.*).

As relief, Plaintiff seeks nominal, punitive, and compensatory damages, as well as "relief from the RVR guilty finding" including expungement of the charge. (*Id.* at 5).

**Due Process**

Relevant to Plaintiff's due process claim, the district court held:

"It is clearly established, both by common sense and by precedent, that due process requires that fair notice of what conduct is prohibited before a sanction can be imposed." *Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir. 1996) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). "This principle applies within the prison setting." *See, e.g., Williams v. Nix*, 1 F.3d 712, 716 (8th Cir. 1993). Thus, "before a prisoner can be charged with violating prison rules, the prisoner must have notice of those rules." *Radi v. McCormick*, 978 F.2d 715 (Table), at *1 (9th Cir. 1992) (holding that, to satisfy due

4

>process, a prisoner must be informed that the conduct he engaged in could subject him to disciplinary charges and punishment, but ultimately upholding the district court's conclusion that there was sufficient factual evidence in the record to find that the prisoner had notice of the rule he violated); *see also Schenck v. Edwards*, 133 F.3d 929 (Table), at *1 (9th Cir. 1998) (noting that, in a case brought by a prisoner, "[a]n individual's due process rights may be violated if he is sanctioned for conduct that he had insufficient notice was proscribed") (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)); *Anderson v. Crosby*, No. 5:04CV164SPMMD, 2005 WL 3357220, at *4 (N.D. Fl. Mar. 25, 2005) (citing *Reeves v. Peetcox*, 19 F.3d 1061 (5th Cir. 1994)) (though generally people are presumed to know the law, "in the unique setting of a prison, inmates are not necessarily presumed to know the regulations."). Moreover, section 3378.1(f)(3)(A) of title 15 of the California Code of Regulations requires that if an STG related symbol is certified, "dissemination of the newly certified sign or symbol will be made to . . . the incarcerated population." § 3378.1(f)(3)(A).

*Guzman v. Valdez*, No. 1:21-CV-00621-KES-HBK (PC), 2025 WL 2691265, at *4 (E.D. Cal. Sept. 22, 2025). Consequently, after viewing the TAC in the light most favorably to Plaintiff and considering Plaintiff's objections, the district court found Plaintiff adequately alleged that his due process rights were violated as he allegedly did not receive fair notice of the prohibited conduct prior to being sanctioned for such conduct and referred this matter back to the undersigned to evaluate the due process claim as to each of the three named defendants. (*Id.*).

The undersigned now evaluates Plaintiff's due process claim as alleged against defendants Kutney, Lopez and Cuevas.

**Defendants Kutney and Lopez**

According to the TAC, defendants Kutney and Lopez, the facility librarians, never disseminated information to the general population stating the butterfly was certified as an STG symbol. (Doc. No. 17 at 4). Liberally construed, Plaintiff has failed to establish that defendants Kutney and Lopez violated his due process rights. While Plaintiff states that these two defendants, who were librarians, failed to disseminate the newly STG symbol to the general population, Plaintiff does not allege either defendant <u>sanctioned</u> him without fair notice of what conduct was prohibited. *See Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir. 1996). Further, there are no allegations that either defendant Kutney or Lopez were responsible for disseminating this information to the general population. Other than noting their positions as librarians and the fact that the library was closed during COVID, there are no facts alleged in the TAC from which the

court can infer that either defendant Kutney or Lopez violated Plaintiff's due process rights, or violated a CDCR procedure that vested them with the responsibility to disseminate newly certified symbols to the general population.[2]  Consequently, based upon the foregoing, the undersigned finds the TAC fails to state due process claim against defendants Kutney and Lopez.

**Defendant Cuevas**

Plaintiff alleges that defendant Cuevas issued him an RVR for STG behavior because Plaintiff was in possession of an STG symbol. (Doc. No. 17 at 4). Plaintiff states that he did not have notice that the symbol was a newly certified STG symbol. (*Id.*) Plaintiff alleges that defendant Cuevas had knowledge that Plaintiff was unaware of this symbol's status and still found Plaintiff guilty of STG activity. (*Id.*) Liberally construed Plaintiff has alleged that defendant Cuevas knew Plaintiff lacked fair notice of the STG symbol but nonetheless sanctioned Plaintiff for being in possession of the symbol. (*Id.*). Thus, the Court finds the above allegations in the TAC adequately allege a due process claim against defendant Cuevas.

For the reasons set forth above, the undersigned finds that the TAC states a cognizable due process claim under the Fourteenth Amendment against defendant Cuevas but fails to state a due process claim against defendants Kutney and Lopez.

Accordingly, it is hereby ORDERED:

The Clerk of Court shall correct the caption to reflect the termination of Scott Frauenheim, retired Warden, as a defendant.

It is further RECOMMENDED:

Plaintiff be permitted to proceed on his due process claim against defendant Cuevas only and Plaintiff's Third Amended Complaint be dismissed against defendants Kutney and Lopez.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

---

[2] Notably in his objections (Doc. No. 20), Plaintiff refers the court for the first time to Cal. Code Regs. tit. 15, § 3378.1 which requires "dissemination of the newly certified sign or symbol" to be made "to DAI Wardens, OCS Agents, the incarcerated population." The regulation however does not identify who is responsible for such dissemination.

1  after being served with a copy of these Findings and Recommendations, a party may file written

2  objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned,

3  "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

4  **(15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party

5  wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

6  CM/ECF document and page number, when possible, or otherwise reference the exhibit with

7  specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

8  the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

9  636(b)(l)(C). A party's failure to file any objections within the specified time may result in the

10 waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    October 9, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7