UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SAMSON GUZMAN, | Case No. 1:21-cv-00621-KES-HBK (PC) |
| Plaintiff, | ORDER DIRECTING FURTHER EFFORTS AT SERVICE BY UNITED STATES MARSHALL |
| v. | |
| R. VALDEZ, M. JIMENEZ, and V. CUEVAS, | |
| Defendant. | |

Plaintiff Samuel Samson Guzman is a state prisoner proceeding pro se and *in forma pauperis* on his third amended complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 17). On January 21, 2026, the Court ordered service to be initiated and to proceed under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (Doc. 25 at 2). The order further stated that California Department of Corrections and Rehabilitation ("CDCR") was to notify the Court whether any defendant was declining to waive service, at which point the United States Marshal was to serve process upon each defendant who had not waived service pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). (*Id.* at 2-3). CDCR notified the Court that it was not waiving service as to Defendant Cuevas, noting that he was on "extended leave," but it provided his contact information on file. (Doc.). The Court thereafter set a June 10, 2026 deadline for the United States Marshal to serve process. (Doc. 30).

On April 9, 2026, the United States Marshal submitted a process receipt and return

indicating that the summons for Defendant Cuevas was returned unexecuted. (Doc. 32). The remarks section of the process receipt and return states only, "4/2/26 – Per CDCR, Cuevas is on extended leave, unable to locate via phone or address," and "unable to locate." (*Id.*). The form further indicates service was attempted by "e-service." (*Id.*).

Where a plaintiff proceeds *in forma pauperis*, he depends on the Court and United States Marshal to effect service of process. Before an *in forma pauperis* plaintiff's case may be dismissed for a failure to effectuate service, the Court is required to ensure that the United States Marshal used reasonable efforts to locate and serve the defendant. *See, e.g.*, *Greene v. Holloway*, 210 F.3d 361, 361 (4th Cir. 2000); *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir. 1995); *Swanson v. Gaston Cnty. Sheriff's Dep't*, No. 3:18-CV-86-FDW, 2019 WL 2106080, at *3 (W.D.N.C. May 14, 2019).

Notably, CDCR's notice provided a last-known physical address for Defendant Cuevas. From a review of the remarks section of the process receipt and return, the Court cannot determine that all reasonable efforts to locate and serve Defendant Cuevas have been made. Therefore, the United States Marshal is directed to make further reasonable efforts to effect service upon Defendant Cuevas by June 10, 2026.

Accordingly, it is ORDERED:

1. The Clerk of Court shall provide copy of this Order on the United States Marshal.

2. By June 10, 2026, the United States Marshal shall make all reasonable efforts to serve process of the operative complaint, summons, and this Order upon Defendant Cuevas pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). The United States Marshal may command all necessary assistance from the Office of Legal Affairs for CDCR and may seek the assistance of a Special Investigator if the Litigation Officer at the institution is unable to assist in identifying and/or locating defendants. If any confidential information is provided by a third party to effectuate service, including CDCR, the U.S. Marshal shall maintain the confidentiality of all information provided to them.

3. Within 10 days after personal service is effected, the United States Marshal shall file

2

the return of service, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service.  These costs shall be enumerated on the USM-285 form and shall include the costs incurred by the United States Marshal for photocopying additional copies of the summons and operative complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against each personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).  The United States Marshal shall file the returned waivers of service, or requests for waiver of service if undelivered, once received.

4.  If the United States Marshal is unable to serve Defendant Cuevas, the United States Marshal's Office must set forth its efforts to serve Defendant Cuevas in an affidavit file with this Court.

Dated:    May 7, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3