UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL SAMSON GUZMAN,

Plaintiff,

v.

R. VALDEZ, M. JIMENEZ, and V. CUEVAS,

Defendants.

Case No.  1:21-cv-00621-KES-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 35)

On May 21, 2026, Plaintiff filed a second motion for appointment of counsel.  (Doc. 35). Defendants Valdez and Jimenez, responded on June 8, 2026, taking no position on whether counsel should be appointed.  (Doc. 36).

Plaintiff, a prisoner, proceeds pro se and *in forma pauperis* on his Third Amended Complaint.  (Doc. 17).  He seeks appointment of counsel because: (1) he cannot afford counsel; (2) multiple transfers make it difficult to locate witnesses; (3) the Court permitted his First Amendment retaliation and due process claims to proceed and courts consider apparent merit an important factor in appointing counsel; (4) his vocational-school schedule limits his law-library access; (5) he anticipated credibility disputes with Defendants; (6) he lacks legal experience; and (7) litigation rules are complex.  (Doc. 35).

As the Court previously explained in denying Plaintiff's first motion, there is no constitutional right to appointed counsel in civil actions.  *See Lewis v. Casey*, 518 U.S. 343, 354

(1996) (clarifying that *Bounds v. Smith*, 430 U.S. 817 (1977), does not establish a right to counsel in civil cases).  While 28 U.S.C. § 1915(e)(1) permits the Court to request counsel for an indigent litigant, that authority is exercised only in "exceptional circumstances."  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In assessing whether exceptional circumstances exist, courts consider: (1) indigence; (2) the likelihood of success on the merits, and (3) the plaintiff's ability to articulate claims pro se in light of the legal complexity.  *See Palmer*, 560 F.3d at 970; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).  No single factor is dispositive; they must be considered together.

Although Plaintiff is indigent, he has not shown exceptional circumstances.  *See e.g. Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff characterizes his case as complex, but the Court does not find the legal issues sufficiently complex to warrant counsel.  *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (finding no exceptional circumstances where issues, through involved, were not unduly complex).  Difficulties contacting or interviewing witnesses do not make a case sufficiently complex to require appointment of counsel.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Arellano v. Sedighi*, No. 15-cv-02059-AJB-BGS, 152020 WL 5877832, at *47 (S.D. Cal. Oct. 1, 2020) (denying appointment of counsel to help locate witnesses no longer housed at same prison as plaintiff); *Trueblood v. Cappola*, No. 3:19-cv-05816-RBL-JRC, 2020 WL 1929265, at *2 (W.D. Wash. Apr. 21, 2020).

Plaintiff also conflates the screening standard with a showing of likely success on the merits.  At screening, the Court asks only whether the complaint states a plausible claim; it does not resolve the merits of the truth of the allegation.  *See Porter v. Rivas*, 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023).

Plaintiff's limited law-library access, standing alone, is insufficient to establish exceptional circumstances.  *See Benton v. Clingman*, 2023 WL 4493697, at *1 (E.D. Cal. July 12, 2023); *see also Harris v. Jhamou*, 2020 WL 2561284, at *4 (E.D. Cal. Mar. 13, 2020), *report and recommendation adopted*, 2020 WL 2556327 (E.D. Cal. May 20, 2020) (lack of library access,

2

standing alone, does not warrant appointment of counsel).

The record also shows Plaintiff has effectively articulated his claims and litigated this case, including by filing multiple amended complaints, which weighs against a finding of exceptional circumstances.  *See Terrell*, 935 F.2d at 1017.

Finally, while credibility disputes may support appointment of counsel in some circumstances, they do not compel it.  In *Steele v. Shah,* 87 F.3d 1266, 1271 (11th Cir. 1996), the court noted the credibility contest only in explaining that a reasoned ruling on the request for counsel was required, expressly declining to opine on the merits and emphasizing the need for informed discretion.  In *Gatson v. Coughlin,* 679 F. Supp. 270, 273 (W.D.N.Y. 1988), the court relied not only on credibility issues but also on factors not present here, including greater legal complexity and the plaintiff's inability to present his case.

Accordingly, it is hereby ORDERED:

Plaintiff's motion seeking appointment of counsel (Doc. 35) is DENIED.

Dated:   June 9, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3